# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

GOSHEN MORTGAGE, LLC, as Separate
Trustee for GDBT 1 Trust 2011-1 and
RED STICK ACQUISITIONS, LLC,

      Plaintiffs,

v.                                                    Case No. 8:24-cv-325-WFJ-UAM

WILLIAM P. DEBOSKEY,
UNKNOWN SPOUSE OF WILLIAM P. DEBOSKEY,
UNKNOWN HEIRS OF WILLIAM P. DEBOSKEY,
LORI E. DEBOSKEY, IBERIA BANK, and
UNKNOWN TENANT IN POSSESSION
OF SUBJECT PROPERTY,

      Defendants.

_____/

## ORDER OF REMAND

Before the Court is Plaintiff Red Stick Acquisitions, LLC's Motion to

Remand (Dkt. 18), the Response of Defendant William P. DeBoskey (Dkt. 22), and

Mr. DeBoskey's two submissions in response to the Order to Show Cause (Dkts.

24, 25).[1]  After careful consideration of the motion, the submissions, and the entire

file, including the state court docket, the Court concludes the motion is due to be

granted. There is no subject matter jurisdiction.

_____

[1] Plaintiff Goshen Mortgage, LLC, as separate Trustee for GDBT 1 Trust 2011-1, is a corporate
entity which may not proceed *pro se*.

## BACKGROUND

To avoid cross-referencing the Order to Show Cause (Dkt. 23), the pertinent parts of that order will be republished here.

This is the second time Mr. DeBoskey comes before this specific Court on matters concerning his Hernando County homestead property.[2]  The first time, DeBoskey sued Plaintiff Red Stick Acquisitions, LLC ("Red Stick") and others in October 2022 while the foreclosure was pending.  *DeBoskey v. Red Stick Acquisitions, LLC, et al.*, No. 8:22-cv-2427-WFJ-AAS ("*DeBoskey I"*), *aff'd*, No. 23-11898 (11th Cir. Jan. 24, 2024) (unpublished).[3]  In setting forth the factual background here, the Court borrows from orders already entered in *DeBoskey I*.  *Id*., Dkts. 24, 29, 33.

On May 26, 2016, Goshen Mortgage, LLC, as assignee of the mortgage and note ("Goshen Mortgage") sued to foreclose on the homestead property.[4]  In July 2018, Red Stick acquired the note and mortgage and was substituted for Goshen Mortgage as the plaintiff in the state court foreclosure.  *Goshen Mortgage, LLC, as*

---

[2] This is the third time he has filed in federal court if one includes *DeBoskey v. SunTrust Mortgage, Inc.*, No. 8:14-cv-1778-MSS-TGW (M.D. Fla.), which involves the same homestead property at 27035 Old Spring Lake Road, Brooksville, Florida.

[3] *DeBoskey I* alleged violations of the Fair Debt Collection Practices Act ("FCDPA"), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Credit Protection Act ("FCCPA"), *Fla. Stat.* § 559.55, *et seq.* in transactions pertaining to the homestead property.

[4] In 2005, DeBoskey refinanced his Hernando County homestead property, and the mortgage was assigned to Goshen Mortgage in 2014.  Thereafter, the Goshen Mortgage assigned to GDBT I Trust 2011-I, which entity then assigned to Red Stick.

*Separate Trustee for GDBT 1 Trust 2011-1 v. William P. DeBoskey, et al*., No. 2016-CA-676 (Fla. 5th Jud. Cir. Ct).  Red Stick filed an amended complaint in the foreclosure action on August 22, 2018.

In July 2021, Mr. DeBoskey attempted to amend his answer and counterclaim in the foreclosure a fifth time to add claims for violations of the FCDPA and FCCPA.  In January 2022, the state circuit court denied any amendment.  Undeterred by the state court's ruling against him, he came to this Court for relief on October 23, 2022, in *DeBoskey I*.  This Court granted motions to dismiss the first and second amended complaints.  *Id.*, Dkts. 24, 29.  On January 24, 2024, the Eleventh Circuit affirmed the order of final dismissal.  *Id.*, Dkt. 33 at 6 (holding the operative complaint "was either time-barred by the statute of limitations or failed to state a claim").  Tellingly, Mr. DeBoskey does not explain the delay given that he filed a lawsuit in this Court in October 2022 involving arguably similar parties and issues (*DeBoskey* I), which was long after the 2018 amended complaint was filed in the state court foreclosure.

While *DeBoskey I* was pending in this Court, the foreclosure case was set and rescheduled for non-jury trial several times, with the last set trial date of February 8, 2023.  The state court docket shows that the February 2023 trial was continued after numerous filings by Mr. DeBoskey including motions to stay or continue based on then-pending *DeBoskey I* and on his desire to secure another

attorney.  He also attempted to recuse the state court judge and appealed the denial to the Fifth District Court of Appeal.  The state appellate court treated the appeal as an extraordinary writ and denied it after briefing.  Mr. DeBoskey then sought review in the Florida Supreme Court, which was denied and dismissed without mandate effective October 2, 2023.

On November 3, 2023, Red Stick filed a motion for summary judgment in the state foreclosure action, which was set for hearing on the morning of February 8, 2024.  On the eve of the final hearing, Defendant DeBoskey, *pro se*, removed the eight-year-old foreclosure action case to this Court.  Dkt. 1.  Nonetheless, the state court judge declined to delay the hearing set for February 8.  Dkt. 18 at 6.  Also on February 8, Mr. DeBoskey filed for protection under Chapter 13 of the U.S. Bankruptcy Code: *In re: DeBoskey*, 8:24-bk-644-RCT (Bankr. M.D. Fla.).  Dkt. 18 at 6.

On March 1, Mr. DeBoskey filed in the bankruptcy court a motion to dismiss his Chapter 13 case and close the estate.  The bankruptcy court dismissed the case without a discharge on March 5.  On April 4, the state court judge entered an order giving notice of and filing the motion and order of dismissal filed in the bankruptcy case.

On April 23, this Court entered an endorsed order to show cause why this matter should not be remanded as untimely based on the age of the state court

4

action.  Dkt. 14 ("The 2016 filing of this lawsuit (and 2018 amended complaint) appear well out of time for removal.").  On April 30, 2024, DeBoskey filed his response to the show cause order.  Dkt. 21.  That same day, Red Stick filed a motion to remand.  Dkt. 18.

After reviewing the voluminous file with over 400 docket entries in the state court action, this Court issued another order to the removing Defendant, Mr. DeBoskey, to show cause why this Court has original subject matter jurisdiction by filing proof of the citizenship of Plaintiff Red Stick Acquisitions, LLC.  Dkt. 23. DeBoskey timely submitted his response together with the transcript of the hearing held February 8, 2024, in state court.  Dkts. 24, 25.  The issue of jurisdiction is now before the Court.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction.  A defendant may remove a case to federal court when the plaintiff's claim could have been filed in the district court originally.  28 U.S.C. § 1441; *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  To establish removal jurisdiction, a defendant must show one of three types of subject matter jurisdiction: (1) diversity jurisdiction; (2) matters arising under federal law; or (3) jurisdiction under a specific statutory grant.  28 U.S.C. §§ 1331, 1332; *see Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998); *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

For diversity jurisdiction, the amount in controversy must exceed $75,000 exclusive of interest and costs and each plaintiff must be a citizen of a state different from each defendant.  28 U.S.C. § 1332(a).  As to matters arising under the laws of the United States, the well-pleaded complaint rule requires that a federal question appear on the face of the plaintiff's complaint.  *Whitt*, 147 F.3d at 1329.  Removal statutes must be narrowly construed in favor of remand, and where jurisdiction is ambiguous or uncertain, remand is favored.  *See Burns*, 31 F.3d at 1095.

## DISCUSSION

Mr. DeBoskey removed a suit to foreclose a mortgage.  The first count of the amended complaint seeks reformation of the mortgage, and the second count seeks to foreclose the mortgage.  The state court action has not reached final judgment.[5]

The notice of removal cites diversity jurisdiction "pursuant to 28 U.S.C. §§ 1331 and 1332" with an amount in controversy exceeding $75,000.00.[6]  Dkt. 1 at 2.  The timeliness issues were addressed in this Court's prior order.  Dkt. 23.

---

[5] Because the mortgage foreclosure here has not reached final judgment, there are no *Rooker-Feldman* or other issues mandating remand.  *See, e.g.*, *US Bank Nat'l Ass'n v. Kelly*, No. 2:23-cv-504-JES-NPM, 2024 WL 260988 (M.D. Fla. Jan. 24, 2024) (granting remand of a mortgage foreclosure action after final judgment based on *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415–16 (1923) and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)); *Federal Nat'l Mortg. Corp. v. Wilson*, No. 2:17-cv-719-FtM-38MRM, 2018 WL 3520937, at *2 (M.D. Fla. Feb. 12, 2018) (holding that removal of over five-year-old mortgage foreclosure was both jurisdictionally and procedurally defective; procedural defect raised in timely motion to remand).

[6] Diversity jurisdiction is addressed in § 1332, and federal question jurisdiction in § 1331.  The amount in controversy in this case is not at issue.

6

Because the 30-day limitation for seeking remand applies only to procedural defects, and not to "lack of subject matter jurisdiction,"[7] the Court ordered Mr. DeBoskey to address the diversity of citizenship of Plaintiff Red Stick.

**Diversity**

Mr. DeBoskey is a citizen of Florida, claiming homestead property in this state. The Court noted in its second show cause order that Red Stick Acquisitions, LLC is a Florida limited liability company.[8]

For diversity, each plaintiff must be a citizen of a state different from each defendant. *See St. Paul Fire & Marine Ins. Co. v. Nat'l Union Fire Ins. Co.*, 890 F.3d 1265, 1270 (11th Cir. 2018); *Mas v. Perry*, 489 F.2d 1396, 1399 (11th Cir. 1974) (holding complete diversity exists when "no party on one side [is] a citizen of the same State as any party on the other side"). "[A] limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (*per curiam*). Therefore, if any member of Red Stick is a Florida

---

[7] 28 U.S.C. § 1447(c); *see Kelly*, 2024 WL 260988, at *2 (citing § 1447(c)); *Koncept Prop. Inc. v. Scopelliti*, 627 F. Supp. 3d 1282, (M.D. Fla. 2022) (same).

[8] To search for corporate entities such as a limited liability company in Florida, the "sunbiz.org" site is used to search for the name of the entity. *See* https://dos.fl.gov/sunbiz/search/. The address given for the listed registered agent and managers of Red Stick is a Florida address. *See* Annual Report dated February 3, 2024, at the sunbiz website.

citizen, then Red Stick is a citizen of Florida and diversity jurisdiction does not exist.

The burden of demonstrating diversity of citizenship rests with Mr. DeBoskey as the party invoking federal jurisdiction. *Rolling Greens*, 374 F.3d at 1022 (holding burden not met where removing party failed to list citizenships of all members of LLC). The notice of removal fails to list all the members of the limited liability company along with each member's citizenship. *See Imperial Fund I, LLC v. Orukotan*, No. 21-cv-60162-RAR, 2021 WL 752577, at *4 (S.D. Fla. Feb. 25, 2021) (granting remand where defendant did not list LLC members in notice of removal and citing *Rolling Greens*), *dismissed*, 2021 WL 2253852 (11th Cir. Apr. 22, 2021). Nor can the Court determine the citizenship of Red Stick from the face of the 2018 amended complaint in the state court case.

In his response, Mr. DeBoskey argues that Goshen Mortgage, and not Red Stick, is the real party in interest. He claims Red Stick has no right to enforce the note because its claim "is based on highly contested 'corrective assignments' executed two years subsequent to the filing of the case." Dkt. 25 at 3. Additionally, Mr. DeBoskey contends that Red Stick has different business addresses across the country. *Id*. at 7. He relies on public records of Hernando County, Florida, the State of Oklahoma, and state bar membership records of North

Carolina and Louisiana. *Id*. at 7–9, 29–39.  He intimates that Red Stick is a limited

company is more states than Florida.

The record in this removed case shows that in the state court, on July 26,

2018, Goshen Mortgage filed a motion to substitute Red Stick as the plaintiff based

on the assignment of the loan.  The short assignment attached to the motion gives

the address for Red Stick: "c/o KC Wilson and Associates, 23041 Avenida De La

Carlota, #230, Laguna Hills, CA 92653."  The assignment does not further identify

the members of Red Stick or delineate of what state Red Stick is a limited

company.  It cannot be ruled out that Red Stick was registered in California as a

foreign (Florida) limited liability company.

The state court judge granted the motion and substituted Red Stick as the

plaintiff.  As noted in the state court order, the Clerk of Court for Hernando

County, Florida, was required to maintain the original caption or case style,

showing Goshen Mortgage as the plaintiff.  On the date this case was removed to

this Court, Red Stick was the sole plaintiff in the state court case.

Nor do the public records incorporated in Mr. DeBoskey's response rebut

that Plaintiff Red Stick is a Florida limited liability company.  He cites to three

assignments of mortgages and interests to Red Stick occurring in the State of

Oklahoma, which assignments list its address as either Laguna Hills, California, or

Baton Rouge, Louisiana.  Dkt. 25 at 8, 34–36.  The public corporate records of

California and Louisiana do not show that Red Stick was a limited company in those states.  Notably, all states do not necessarily list foreign limited liability companies registered to business in those states.[9]

The Florida corporate records show that as early as 2013, Red Stick was an active Florida limited liability company with one of its "managing members/managers" named as Don St. John, with a Riviera Beach, Florida, address.[10]  The other member listed was George Caballero, with a Baton Rouge, Louisiana, address.  The law is clear that if any member of a Florida limited liability company is a citizen of Florida, then the company is a citizen of Florida for purposes of diversity.  Over the last ten years, Red Stick has been and continues to be an active Florida limited liability company.  As of this date, the address for both Don St. John and George Caballero is listed as the Gulfview Road address in North Palm Beach, Florida.[11]

---

[9] For example, the State of Arkansas permits a public search of foreign limited liability companies and shows Red Stick as a Florida limited liability company that was, but is no longer, registered in Arkansas.  See https://www.ark.org/corp-search/index.php and search for Red Stick Acquisitions, LLC (last accessed July 17, 2024).

[10] *See* https://search.sunbiz.org/Inquiry/CorporationSearch/ByName and search for Red Stick Acquisitions, LLC (last accessed July 17, 2024).

[11] Mr. DeBoskey includes a one-page "Limited Power of Attorney" from Red Stick Acquisitions, LLC, at an Irvine, California address as grantor to KC Wilson, with the same Irvine address, which is found in the property records of Hernando County, Florida.  Dkt. 25 at 32.  This document was not recorded until 2021, and there is no indication that it is related to the property at issue in this case.  Red Stick is not identified as either a Florida limited company or as registered in California as a foreign limited company.

Mr. DeBoskey notes that Don St. John is an inactive member of the North Carolina bar association and lists an address in Pinehurst, North Carolina.  Dkt. 25 at 8–9, 38.  This does not establish Mr. St. John's citizenship for purposes of diversity.  As to George Caballero, he is an eligible member of the Louisiana State Bar Association and lists his address in the directory as the Baton Rouge, Louisiana, address.  *Id*. at 8–9, 39.  Attorneys often do not list their home residence as their address in bar memberships as it is accessible by the public.  The addresses for St. John and Caballero do not establish their citizenship for purposes of diversity.[12]

The Court finds that Mr. DeBoskey as the removing defendant has failed to establish complete diversity by demonstrating Red Stick is not a citizen of Florida.

**Federal Question**

In his response, Mr. DeBoskey asserts that federal question jurisdiction exists pursuant to 28 U.S.C. § 1443(1) and (2), which is titled "Civil rights cases." Dkt. 25 at 12.  He is mistaken.

Neither the 2016 complaint nor the 2018 amended complaint alleges a claim of a civil rights violation.  *See HSBC Bank USA, N.A. v. Anderson*, No. 6:12-cv-

---

[12] The Court also notes that it is irrelevant to diversity that DeBoskey unsuccessfully attempted to effect service of process in *DeBoskey I* on Red Stick at the Gulfview Road address.  Dkt. 25 at 9, 18–21.

1309-Orl-22DAB, 2012 WL 4896686, at *2 (M.D. Fla. Sept. 24, 2012) (holding that a complaint alleging one count of mortgage foreclosure and a second count for re-establishment of the note does not state a federal claim under the well-pleaded complaint rule), *adopted by*, 2012 WL 4899680 (Oct. 12, 2012).  The Court does not look to defenses to create federal question jurisdiction because "a federal defense does not make the case removable."  *See Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)); *Estate of Lindsay v. Gulf Shore Facility, Inc.*, No. 8:21-cv-1238-WFJ-JSS, 2021 WL 7451925, at *3 (M.D. Fla. Dec. 16, 2021) (same).  Complete preemption, as an exception to the well-pleaded complaint rule, is not apparent in this case.  *See Am. Products Production Co. of Pinellas Cnty., Inc. v. Armstrong*, 674 F. Supp. 3d 1118, 1123 (M.D. Fla. 2023) (recognizing that complete preemption is not an affirmative defense but an exception to the well-pleaded complaint rule and discussing ERISA).

Finally, in support of federal question, Mr. DeBoskey cites to an excerpt from the February 8, 2024, hearing before the state court judge:

> THE COURT:  Yeah, I read all that [Plaintiff's motion for summary judgment]. There's just—there's a couple little issues in there you may want to look at.
>
> [PLAINTIFF'S ATTORNEY]: I'm prepared, Your Honor.  I'm prepared. I addressed all the issues.  I'm prepared to argue them.  I guess we'll see when we move forward.

12

Dkt. 25 at 43–44.  First, it is unclear what "issues" the state court is referring to in the summary judgment.  Second, to the extent Mr. DeBoskey cites sections 825.102 and 825.103 of the Florida statutes in his response, nothing was discussed at the hearing about abuse or exploitation of an elderly person.

This Court has a duty to remand "at any time before final judgment" if it determines it lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  On this record, there is no basis for federal question jurisdiction, or diversity jurisdiction as previously discussed in this order.  Consequently, this Court lacks original subject matter jurisdiction.

## CONCLUSION

Plaintiff Red Stick's motion to remand (Dkt. 18) is **GRANTED**.  This case is remanded to the Fifth Judicial Circuit Court, in and for Hernando County, Florida.  The Clerk is directed to accomplish remand and thereafter terminate all pending motions and deadlines and close the case.

**DONE AND ORDERED** at Tampa, Florida, on July 17, 2024.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
William P. DeBoskey, *pro se*
Counsel of record

13